Argued December 9, 1964, reversed and remanded
January 29, 1965

# STATE OF OREGON *v.* ALLEN
## 398 P. 2d 477

*Ervin B. Hogan,* Medford, argued the cause and filed briefs for appellant.

*Thomas J. Owens,* Deputy District Attorney, Medford, argued the cause for respondent. With him on the brief was Alan B. Holmes, District Attorney, Medford.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

GOODWIN, J.

This is an appeal from a judgment of imprisonment upon conviction of violating ORS 164.240 (burglary not in a dwelling).

There are nine assignments of error. It is not necessary, however, to discuss each of them in detail, as it is clear that the case must be remanded for another trial because a purported confession was received in evidence without an evidentiary record to support its admissibility.

During the trial, the defendant made timely objection to the introduction in evidence of a confession which he contended was the product of coercion.

The defendant testified, and the state did not deny, that the defendant was arrested on a charge of driving without an Oregon driver's license, that he was denied bail which he offered to post, and that he was held for three days in the Josephine County jail without being permitted to talk to his wife or to an attorney.

After three days, the defendant was taken to Jackson County where, the officers on duty testified, they promptly informed him of his right to remain silent and of his right to an attorney, but he nonetheless confessed "freely and voluntarily."

The only dispute between the state and the defendant concerning the facts of the Josephine County phase of his detention is that the defendant says he was held for four days on the alleged traffic offense and the state's evidence tends to show that he was held for three days. The state's evidence tended also to show that on his last day in Josephine County the defendant was permitted to consult an attorney, but the record is vague with respect to the events on that day.

■ The defendant testified that just before he was moved from Josephine County to Jackson County he was allowed to see a local attorney for a few minutes in the courthouse corridor. He said the only matter discussed with the attorney was the entry in justice court of a plea of not guilty to the alleged violation of the motor vehicle law upon which he had been arrested. The record does not show when or by whom the attorney was called. The defendant said he was given no opportunity to consult with the attorney in connection with any matter other than the traffic charge. Since the state offered no explanation of the

affair, the defendant's recollection of it stands uncontradicted.

2. The defendant's story, if true, would support an inference that he was arrested on suspicion and held without bail on a minor traffic charge. There is no record that he was advised of his right to counsel during the three days of his detention. It would appear that the police in Josephine County wholly ignored ORS 133.550.[1] A denial of a prisoner's rights under ORS 133.550 necessarily operates as a denial of his rights under ORS 133.610.[2] A magistrate cannot advise a prisoner of his rights until the police bring the prisoner before him. If the magistrate thereafter fails to do his duty, any statement taken from the prisoner "as a result of such failure" is made inadmissible as a matter of law. ORS 136.545. The statutes are silent upon the effect of a failure by the police to perform their duty. But it is obvious that if the police neglect their duty it is impossible for the magistrate to perform his.

A number of relevant factual questions were not presented in the trial court, and accordingly are not answered in the record. Upon a new trial, the state should be prepared, if it wishes to use the confession, to answer the following questions:

Was the defendant arrested legally?

Was the defendant denied bail? If so, why?

---

[1] "The defendant shall in all cases be taken before the magistrate without delay."

[2] "When the defendant is brought before a magistrate upon an arrest, either with or without warrant, on a charge of having committed a crime, before any further proceedings are had the magistrate shall immediately inform him of the charge against him, of his right to the aid of counsel, that he is not required to make a statement and that any statement made by him may be used against him."

Was the defendant taken before a magistrate in accordance with the requirements of ORS 133.550? If not, why not?

If the defendant was not advised of his rights by a magistrate as required by ORS 133.610, was he so advised by police officers? If so, by what officers, and when was he first advised of his rights?

■ Unless the state can make a factual record that will support findings by the trial judge that the defendant was promptly advised of his rights, including his Sixth Amendment right to counsel, then the confession should not be received in evidence. See *State v. Neely,* 239 Or 487, 395 P2d 557 (1964), 398 P2d 482 (opinion on petition for rehearing, handed down January 27, 1965). If the confession was coerced, it would be excludable upon Fifth Amendment grounds as well. See *Haynes v. Washington,* 373 US 503, 83 S Ct 1336, 10 L Ed2d 513 (1963). If the confession was the product of an illegal arrest, it would be subject to serious question upon Fourth Amendment grounds. See *Wong Sun v. United States,* 371 US 471, 83 S Ct 407, 9 L Ed2d 441 (1963). We need not decide those issues until we have a factual record that squarely presents them.

■ Another assignment of error points out that the trial court erred, in the light of recent state and federal precedent, in its preliminary treatment of the confession before submitting it to the jury. The trial court followed the practice which had been approved in *State v. Nunn,* 212 Or 546, 321 P2d 356 (1958). The court heard a fragment of the relevant evidence on the issue of Fifth Amendment voluntariness and ruled that the state had made a *prima facie* showing that the confession was voluntary. The court thereupon con-

cluded that the jury could decide for itself after it had heard all the evidence whether or not the confession was in fact voluntary. This practice has been discontinued in this state, and the trial court is now required to hear all relevant evidence concerning the taking of a confession. Then it must make and record its specific finding that the confession was voluntary before it may submit the question of voluntariness to the jury. *State v. Brewton,* 238 Or 590, 395 P2d 874 (1964).

■ The question of admitting in evidence a challenged confession now involves more than a mere inquiry into its voluntariness. Obviously the state must show that the confession is the free and voluntary act of the defendant, and that it was not obtained by coercive or oppressive police tactics. In addition to proof of voluntariness in the Fifth Amendment sense, however, the state must also show affirmatively that the accused was not interrogated, after his arrest, unless he was given the full protection of his rights under the Sixth Amendment. The state must take an arrested person promptly before a magistrate as is demanded by ORS 133.550 so that his rights may be explained to him by an impartial judicial officer. In the event that conditions make it impossible to comply with ORS 133.550 prior to taking such statements as the prisoner may want to give them, then the police must see to it that they explain his rights to him in a manner consistent with our recent decision in *State v. Neely,* supra.

Upon another trial, it is unlikely that the matters questioned in the remaining assignments of error will again be presented. Except for the rulings made below upon the admissibility of the purported confession,

there was no error which would have justified reversal. Because the state did not give a satisfactory explanation of what may have been an illegal detention of the defendant, with resulting denial of right to counsel, and with a possibility of coercive practices by the police, there was an inadequate basis for a preliminary finding that the confession was one that could be received in evidence. Accordingly, it was error to permit the confession to come to the jury's attention.

Reversed and remanded.