Argued May 4, affirmed July 15, 1965

## STATE OF OREGON v. ALLEN
404 P. 2d 207

*Austin Dunn,* Baker, argued the cause and filed a brief for appellant.

*Jesse R. Himmelsbach, Jr.,* District Attorney, Baker, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

O'CONNELL, J.

This is an appeal from a judgment of conviction for the crime of burglary not in a dwelling.

Defendant assigns as error the admission in evidence of a written confession made by him after interrogation by the police.[1] At trial defendant made his objection to the admission in evidence of the confession on the ground that it was not voluntarily made. On appeal defendant bases his objection to the use of the confession not only on the ground that it was made involuntarily, but also on two other grounds: (1) that the confession was made before he was advised of his right to counsel and his right to remain silent, and (2) that he was not brought before a magistrate and informed of his rights as prescribed by ORS 133.610.[2]

■ The evidence discloses that defendant was aware of his right to counsel.[3] The evidence also supports

[1] The confession is the same as that involved in State v. Allen, 239 Or 524, 398 P2d 477 (1965).

[2] ORS 133.610. "When the defendant is brought before a magistrate upon an arrest, either with or without warrant, on a charge of having committed a crime, before any further proceedings are had the magistrate shall immediately inform him of the charge against him, of his right to the aid of counsel, that he is not required to make a statement and that any statement made by him may be used against him."

[3] Defendant testified as follows:
"Q. Now, did you have an attorney in 1950?
"A. In 1950?
"Q. Yes. In the Federal Court.
"A. Yes, I had a court-appointed attorney.
"Q. And did you have an attorney in the State of Washington, in those proceedings?
"A. Yes, I did.
"Q. And did you have an attorney in the proceedings in Jackson County just earlier this year?
"A. Yes.
"Q. You pretty well understood your right to have an attorney at the time you consulted with Mr. Smith, did you not?
"A. You mean in Grants Pass?
"Q. Yes.
"A. Yes."

the state's contention that defendant was informed of his right to remain silent. One of the police officers testified:

> "Q. Now, prior to the time that Mr. Allen signed the first portion of the statement which involves his rights, were his rights discussed orally?
>
> "A. Yes, they were.
>
> "Q. Would you tell the jury what was said in that connection?
>
> "A. I advised the defendant he did not have to make a statement; that if he did not wish to make a statement, he did not have to do so, and, if he did so, that part or the whole statement could be used against him in Court."

There was no evidence contradicting the foregoing testimony.

■ Assuming that ORS 133.610 is applicable to the facts of this case, the objection to the use of defendant's confession was not based upon the violation of the statute. Not having been relied upon at trial as a basis for the objection, the alleged violation of the statute cannot be raised upon appeal.[4]

Judgment affirmed.

---

[4] State v. Nice, 240 Or 343, 401 P2d 296 (1965); State v. Gardner, 231 Or 193, 372 P2d 783 (1962); State v. Avent, 209 Or 181, 302 P2d 549 (1956).