Argued October 4, affirmed October 20, 1965

# STATE OF OREGON *v.* ERVIN

406 P. 2d 901

*Thomas D. Kerrigan,* Portland, argued the cause and filed a brief for appellant.

*George M. Joseph,* Deputy District Attorney, Portland, argued the cause for respondent. On the brief were George Van Hoomissen, District Attorney, and Charles J. Merten, Deputy District Attorney, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

GOODWIN, J.

The defendant, under police interrogation, confessed to a brutal beating and robbery of a woman. He now appeals from a judgment of conviction, contending that his confession should not have been received in evidence.

Following what was described in oral argument as the customary[1] police routine in such cases, the defendant, a prime suspect in the robbery, was arrested between 8:00 and 9:00 p.m. for jaywalking, and lodged in jail until 2:30 a.m., when he was awakened and taken to an interrogation room for questioning.

The officers who obtained the confession swore that before the interrogation commenced they advised the defendant that he did not have to make a statement,

---

[1] We have not been asked to pass upon the constitutionality of this "custom" and do not, by referring to it, express our approval of it.

and that he could use the telephone if he wanted to call an attorney. This testimony was corroborated by a deputy district attorney who was present at the interrogation. The deputy district attorney testified also that the defendant said he did not want a lawyer. The state contends that the evidence thus satisfied the rule in *State v. Neely,* 239 Or 487, 395 P2d 557, 398 P2d 482 (1965).

■ *State v. Neely* holds that the police must, before interrogation, effectively advise the defendant of his constitutional right to remain silent, and of his constitutional right to counsel. Further, the record must show that these rights were understandingly waived by the defendant before a confession obtained by interrogation may be used in court. *State v. Keller,* 240 Or 442, 402 P2d 521 (1965) ; *State v. Allen,* 239 Or 524, 398 P2d 477 (1965) ; *State v. Neely,* supra.

■ While the trial court made no specific finding of waiver, a finding that would have been helpful, *State v. Keller,* supra, we may assume from the ruling admitting the evidence that the court was satisfied that the defendant's rights had been protected. See *State v. Sallee,* 241 Or 244, 405 P2d 501 (1965).

■ The only substantial question presented by the assignments of error is whether, upon the record, the evidence was sufficient to justify the trial court's implied finding that the defendant had been advised of his rights. We are satisfied that there was sufficient evidence to support the trial court's decision on the matter. *State v. Allen,* 241 Or 95, 404 P2d 207 (1965).

■ The defendant has suggested that the inferences to be drawn from the circumstances of his arrest and interrogation are inconsistent with the state's duty to

protect the rights of all its citizens, those in the hands of the police as well as the victims of crime. The drawing of inferences, like the weighing of testimony, was a trial court function.

■ Whether or not the arrest in this case was an illegal arrest for the purposes of interrogation, defendant did not raise the question at the trial, and it is not, therefore, reviewable at this time. *State v. Allen,* 241 Or 95 at 97. The difference between a legal arrest and an illegal one has been reasonably clear in this state for more than a century. See Oregon Constitution, Art I, § 9. Accordingly, the defendant can obtain no benefit from *State v. Clifton,* 240 Or 378, 401 P2d 697 (1965), which permits the challenging of confessions under certain circumstances for the first time upon appeal.

Affirmed.