Argued December 5, 1966, affirmed February 1, 1967

## STATE OF OREGON *v.* HENRY LEE LOWRY, Jᴿ.

423 P. 2d 172

*Bruce J. Rothman,* Portland, argued the cause for appellant. With him on the brief were Martindale, Ruben & Rothman, Portland.

*Jacob B. Tanzer,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

O'CONNELL, J.

Defendant appeals from a judgment of conviction for the crime of second degree murder.

■ Defendant first contends that although he was advised of his right to counsel, he was not advised that he had a right to counsel during interrogation. Prior to interrogation by Mr. Juba, then chief deputy of the criminal department of the Multnomah County District Attorney's office, defendant was informed as follows: "Next, you are entitled to consult a lawyer. Do you understand that?" Defendant answered, "Yes, sir." Mr. Juba went on to explain that the state would provide defendant with a lawyer if he did not have the money to employ one. Defendant was also informed that he did not have to talk to Mr. Juba and that anything that defendant said could be used against him in a court of law.

We believe that the manner in which defendant

was informed adequately apprised him of his right to counsel prior to and during interrogation.

■ Defendant next contends that at the time of the interrogation he was obviously under the influence of intoxicating liquor and consequently could not intelligently and knowingly waive his constitutional rights under such circumstances.

The trial judge concluded that defendant's condition was such that he could understand and intelligently act upon the advice given by the deputy. The scrupulous care with which the trial judge dealt with the matter is revealed in his findings which were made after hearing medical testimony and the testimony of Mr. Juba.

> "THE COURT: All right, I make a finding, beyond a reasonable doubt, that by 9:20 p.m. the accused was orientated. He knew exactly how long or very close to how long he had been at the hospital. He had been thoroughly advised of his rights to remain silent and of his right to counsel. He made direct responses to the questions that were asked him. He appeared anxious to explain his position. He stated that he did understand and that in addition, he had nothing to hide and therefore, waived his right to counsel and waived his right to remain silent, and any statements he made thereafter were voluntary, beyond a reasonable doubt. Statements made to the police officers at the time his blood count was .30, he was intoxicated and those statements will be excluded."

We hold that there was sufficient evidence to support the foregoing finding of the trial judge.

■ Finally, defendant contends that his statement was not voluntarily made. It was known that defendant had made a prior statement immediately after the homicide. Defendant argues that he made this statement

only because he was not adequately apprised of his constitutional rights and that his later statement to Mr. Juba would not have been made but for the fact that the state already possessed the information revealed in the previous statement.

The trial judge made a finding "that the statements were made voluntarily at the time and that the motivation for the statement by the defendant was that the defendant wanted to tell his side of the transaction, what took place, and this statement was not motivated because the defendant had made some prior statements to the police officer * * *."

The record contains no evidence which would entitle us to disturb this finding.

The judgment is affirmed.