Argued May 8, affirmed July 24, petition for rehearing denied
September 17, 1968

# STATE OF OREGON, *Respondent, v.*
# GREGORIO REYNA RUIZ,
*Appellant.*

444 P. 2d 32

*Gary D. Babcock,* Deputy Public Defender, Salem,
argued the cause for appellant. With him on the brief

was Lawrence A. Aschenbrenner, Public Defender, Salem.

*H. Clifford Looney,* District Attorney, Vale, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

PERRY, C. J.

The defendant was convicted of the crime of assault with a dangerous weapon, and appeals.

The sole issue presented by this appeal is whether the defendant understandingly and voluntarily made the confession which was admitted in evidence.

The defendant contends that under *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L ed 2d 694 (1966), the proceedings surrounding the giving of the confession must show that the party confessing stated himself, after being properly warned, "I have no desire to remain silent, and, also, I do not wish an attorney."

This contention arises from a statement in Mr. Justice Harlan's dissenting opinion in *Miranda,* 384 US 436, 504, 16 L ed 2d 694, 741, which reads as follows:

> "* * * To forgo these rights, some affirmative statement of rejection is seemingly required,
> * * * "

We do not so interpret the majority opinion in *Miranda.* The majority opinion, after stating the warnings that must be given in in-custody interrogation, states:

> "Once the warnings have been given, the subsequent procedure is clear. If the individual indicates

in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease. At this point he has shown that he intends to exercise his Fifth Amendment privilege; any statement taken after the person invokes his privilege cannot be other than the product of compulsion, subtle or otherwise. Without the right to cut off questioning, the setting of in-custody interrogation operates on the individual to overcome free choice in producing a statement after the privilege has been once invoked. If the individual states that he wants an attorney, the interrogation must cease until an attorney is present. At that time, the individual must have an opportunity to confer with the attorney and to have him present during any subsequent questioning. If the individual cannot obtain an attorney and he indicates that he wants one before speaking to police, they must respect his decision to remain silent." *Miranda v. Arizona,* supra, 384 US 436, 474, 16 L ed 2d 694, 723.

We think it is clear that the majority was stating that, if the suspect was properly warned and he understood the warnings, then he had waived his rights but could recall them at any time during the interview and again make them effective as to subsequent interrogations. Otherwise stated, after the warnings are given and knowingly and understandingly understood by the suspect, the burden is upon the suspect to invoke his known rights.

■ The above interpretation of the *Miranda* opinion is, however, somewhat academic since the record of the hearing before the trial court on the question of admission of the signed statement of the defendant shows that the interpreter stated that the defendant indicated to him that he would make a statement to the police officers. This after the warnings had been given.

The evidence in the case shows that the defendant was brought to the police station by his half brother shortly following the shooting. The half brother was present at all the proceedings and they conversed back and forth. That, because the defendant was of Mexican descent and not fully conversant with the English language, an interpreter not connected with the police was procured. Before the defendant signed the statement, the interpreter and the defendant left the interrogation room and they alone went over the typewritten statement and some corrections were made by the defendant.

■ The defendant also contends that, since he had been drinking a quantity of beer prior to the shooting and was still intoxicated when he made the statement offered in evidence, he was incapable of sufficient understanding to waive his constitutional rights. The record will in no way support this contention.

The record discloses that the rights of the defendant, both prior to the trial and on the trial, were zealously guarded.

The judgment is affirmed.