Argued January 19, affirmed February 5, 1970

STATE OF OREGON, *Respondent,*
*v.* FRED GORDON GOETJEN, *Appellant.*

464 P. 2d 837

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Billy L. Williamson,* Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before SCHWAB, Chief Judge, and FORT and BRANCHFIELD, Judges.

FORT, J.

Defendant was convicted by a jury of the crime of knowingly uttering and publishing a forged bank check. ORS 165.115. He appeals from the resulting judgment and asserts as the sole assignment of error the admission into evidence of a statement claimed by him to have been made involuntarily while he was under the influence of drugs.

The defendant was arrested on April 23, 1968, for illegal possession of narcotics. He testified that he had had "a fix" of heroin shortly before his arrest. The following day while still in custody he was arrested for the present crime. It is his contention that the statement he gave to the police later that day concerning this offense was involuntary, not only because of the narcotic effect of the drug upon him, but because of his subsequent condition during the withdrawal period.

In *State v. Breen*, 250 Or 474, 443 P2d 624 (1968), the Supreme Court considered the rule appropriate to a determination of an accused's understanding of his rights as "an interrogated accused." It stated:

"We agree with the defendant that if an accused is incapable of understanding his constitutional rights, he cannot be interrogated and any incriminating statements made as a result of interrogation are inadmissible. See Annotation, 69 ALR2d 348 (1960), on admission of confessions obtained from the mentally subnormal. The question in the instant case is whether the defendant had sufficient mental capacity to understand relatively abstract concepts such as his constitutional right to remain silent and to consult with an attorney. This question was raised by a motion to suppress.

"Whether or not the defendant understood is a question of what we today termed in *Ball v. Glad-*

*den* 'historical fact.' The trial court by denying the motion to suppress decided this question of 'historical fact' adversely to the defendant. We today held in *Miotke v. Gladden* that we will affirm the finding of the trial court on a question of 'historical fact' if there is any evidence to support such finding. There was evidence to support the finding of the trial court in this case." 250 Or at 476.

Subsequently, in *State v. Collins*, 253 Or 74, 453 P2d 169 (1969), the Supreme Court considered the test appropriate to a defendant who contends he "was drunk or hung over" at the time he waived his rights and consented to be questioned. The court stated:

"We have held that whether or not an accused understood the warnings is a matter of historical fact and if there is any evidence to support the trial court's finding that the accused did understand, the finding will stand. *State v. Breen*, 250 Or 474, 443 P2d 624 (1968). There was evidence to support the trial court's finding." 253 Or at 75.

In *State v. Williams*, 1 Or App 30, 458 P2d 699 (1969), this court stated:

"The effects of the drugs on the voluntariness of this waiver must be considered. The trial court, after hearing the testimony, stated that the defendant appeared to remember accurately what occurred during interrogation, that the drugs did not appear to have had any effect on his ability to answer questions or his capacity to know what he was doing during interrogation, and that he remembered precisely everything that happened concerning the theft. The trial court therefore concluded that defendant's statement was not affected by any narcotics he had taken. The record supports this determination. See also 69 ALR2d 384 (1960)." 1 Or App at 39-40.

In the case at bar the trial court, at the conclusion of the motion to suppress, found beyond a reasonable doubt that the defendant was fully advised of his rights. It also found specifically, after careful interrogation of the defendant, that he understood and intelligently waived those rights. The record supports the finding of the trial court.

The judgment is affirmed.