Argued March 22, affirmed May 17, reconsideration denied June 23,
petition for review denied July 13, 1976

STATE OF OREGON, *Appellant,*

*v.*

DONALD CECIL CULLEY, *Respondent.*

(No. 1405, CA 5456)

549 P2d 1130

*James G. Kincaid,* Deputy District Attorney,
Baker, argued the cause for appellant. With him on
the brief was Jesse R. Himmelsbach, Jr., District
Attorney, Baker.

*Kenneth C. Hadley,* Public Defender for Baker
County, Baker, argued the cause and filed the brief for
respondent.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

This is an appeal by the state from a pretrial order suppressing defendant's murder confession on the ground that it was involuntary due to intoxication.[1]

The arresting officers testified that defendant appeared to be "very groggy" and "under the influence of alcohol" at the time of his arrest. An officer began questioning defendant about 15 minutes later at the police station. The officer testified that defendant "appeared to be quite clear-headed at that time." Defendant then made the incriminating statement that was suppressed by the trial court. Eleven minutes after completing his statement, defendant's breathalyzer result was .10 percent. Fifteen minutes later it had decreased to .09 percent.[2]

Interpreting the record in light of the trial court's decision,[3] it is apparent that the court, sitting as factfinder, found the evidence that defendant was intoxicated shortly before and shortly after confessing to be persuasive, and found the officer's claim that defendant was "quite clear-headed" while confessing to be unpersuasive.

---

[1] In what can only be read as referring to defendant's intoxication, the trial court's opinion states: "[A]t the time of the giving of the statement, [defendant] was not capable of understanding his rights as explained to him." However, the court's opinion continues:

"* * * It may be that he was not extremely intoxicated, but the totality of the circumstances in this situation indicate that the degree of intoxication, plus his behavior prior to and following the killing, made it impossible for him to rationally exercise his will in a free manner at the time when he gave the statement."

We cannot understand from the trial court's opinion or the record what circumstances other than intoxication the court was relying upon.

[2] At the time of defendant's confession, former ORS 483.642(1)(c) (*repealed* Oregon Laws 1975, ch 451, § 291, p 904) provided that .10 percent alcohol in the blood was the lowest level at which a disputable presumption of being under the influence arose of being under the influence for driving purposes. We believe such a presumption is entitled to some consideration in the present context, but certainly is not controlling.

[3] *State v. Blackburn/Barber,* 266 Or 28, 511 P2d 381 (1973); *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968).

Numerous Oregon decisions recognize that intoxication can render an arrestee's statements to police officers involuntary.[4] Efforts have been made to define the degree of intoxication that can make statements involuntary. " '* * * [P]roof that the accused was intoxicated at the time he confessed * * * will not, *without more,* bar the * * * confession in evidence." *State v. Robinson,* 3 Or App 200, 206, 473 P2d 152 (1970).[5] "* * * [I]f by reason of *extreme* intoxication a confession cannot be said to be the product of a rational intellect and a free will, it is not admissible * * *." *State v. William D. Smith,* 4 Or App 130, 134, 476 P2d 802 (1970). In most Oregon cases the principal focus has been on the allegedly intoxicated defendant's ability to understand his constitutional rights (*see* n 1, supra), and the meaning of his statements. *State v. Collins,* 253 Or 74, 453 P2d 169 (1969); *State v. Breen,* 250 Or 474, 443 P2d 624 (1968); *State v. Lowry,* 245 Or 565, 423 P2d 172 (1967); *State v. Goetjen,* 1 Or App 533, 464 P2d 837 (1970); *see also,* Annotation, 69 ALR2d 361 (1960).

■ Our disposition, however, is not based on any of these various efforts to define what may not be definable, but, rather, on what we understand to be our limited scope of review. The above-cited cases all at least strongly imply that the question of involuntariness caused by intoxication is one of fact for the trial court, and the appellate court must affirm if evidence supports the trial court's determination. Indeed, all of the above appellate decisions did affirm the trial

---

[4] *State v. Collins,* 253 Or 74, 453 P2d 169 (1969); *State v. Ruiz,* 251 Or 193, 444 P2d 32 (1968); *State v. Matt,* 251 Or 134, 444 P2d 914 (1968); *State v. Breen,* 250 Or 474, 443 P2d 624 (1968); *State v. Lowry,* 245 Or 565, 423 P2d 172 (1967); *State v. William D. Smith,* 4 Or App 130, 476 P2d 802 (1970); *State v. Robinson,* 3 Or App 200, 473 P2d 152 (1970); *State v. Goetjen,* 1 Or App 533, 464 P2d 837 (1970); *State v. Williams,* 1 Or App 30, 458 P2d 699 (1969).

[5] Quoting from *People v. Schompert,* 19 NY2d 300, 305, 226 NE2d 305 (1967).

court's finding.[6] Alternatively, the intoxication and involuntariness issues might have to be resolved on the basis of inferences to be drawn from the evidence; *State v. Ervin,* 241 Or 475, 406 P2d 901 (1965), also assigns this responsibility to the trial court, not to us.

■   The record contains evidence that would have supported a finding or inference that defendant's confession was voluntary, notwithstanding his intoxication. But the record also contains evidence that supports the trial court's finding or inference to the contrary.

Affirmed.

---

[6]The only appellate decision we have found that reversed a trial court determination in a case like this is *State v. Lloyd,* 22 Or App 254, 538 P2d 1278 (1975). In that case the defendant was in custody as a "friendly drunk" for "detoxification." We held that if the defendant was intoxicated enough to be in custody he had to be, contrary to the trial court's finding, too intoxicated to confess voluntarily.