STATE OF OREGON, *Respondent,*
*v.*
THOMAS DUANE ANDERSON, *Appellant.*
(No. 96486, CA 7113)

566 P2d 1215

Jack S. Bernstein, Portland, argued the cause for appellant. With him on the brief was Ronald D. Thom, Oregon City.

Catherine Allan, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, Thornton, Judge, and Fort, Senior Judge.

FORT, S. J.

**FORT, S. J.**

Defendant, having waived a jury, was convicted of murder (ORS 163.115) and appeals from the resulting judgment, urging two assignments of error.

The first assignment challenges the denial by the court of his motion to suppress certain oral statements made at the time of his arrest.

There was ample evidence from which the court could conclude that all statements made by the defendant to the police were voluntary, and that they were made after he had received the advice required by *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

Indeed defendant's counsel stated to the court at the conclusion of the testimony on the motion to suppress:

"MR. THOM: Your Honor, on behalf of Mr. Anderson, we would make a similar statement. As the Court is aware, not only is the defendant to have been advised of certain rights, he has to understand these rights and he has to knowingly waive these rights. *I don't think there is any question that he was advised, and frankly, on behalf of Mr. Anderson, I don't think there is any question that, at least in a prima facie showing, he understood because they asked him if he understood and he said yes, and they told him to sign the card and that's about it.*" (Emphasis supplied.)

He then urged this to be insufficient, stating:

"* * * *Detective Reeves advised him at the scene,* Officer Reed questioned him in the car, then Detective Reeves had him sign the card at the jail and questioned him further. I don't see that that's a knowing waiver of any Miranda rights." (Emphasis supplied.)

We disagree. In *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968), the Oregon Supreme Court set out the following test to be applied to determine whether the historical facts in the record are sufficient to justify the trial court's finding of voluntariness:

"* * * All matters upon which the evidence is in dispute are recounted as if found in a manner favorable

[ 259 ]

to the trial court's finding of voluntariness unless the trial court found them otherwise. Added to these are the matters upon which the evidence is undisputed or of which the court can take judicial notice." 250 Or at 488.

There was ample evidence as well as the foregoing statements of counsel to support the trial court's conclusion that the statements made by the defendant were knowingly, willingly and understandingly made. *State v. Williams,* 1 Or App 30, 458 P2d 699 (1969).

The second assignment contends that the court erred in finding that the defendant at the time of its commission possessed the requisite intent to commit the crime charged. No useful purpose would be served by setting forth the lengthy factual history of this extraordinarily brutal and premeditated murder. The defendant in effect contends that due to intoxication and the effect of drugs, he lacked the capacity and did not form the intent requisite to commit the murder. There was ample, indeed, as the trial court found, "overwhelming" evidence to support its conclusion that the defendant had the mental capacity to form and at the time of the killing did have the specific intent to commit the murder charged in the indictment. In *State v. Culley,* 25 Or App 387, 549 P2d 1130 (1976), after reviewing the authorities, we held

"* * * that the question of involuntariness caused by intoxication is one of fact for the trial court, and the appellate court must affirm if evidence supports the trial court's determination. * * *" 25 Or App at 390.

The rule is the same with respect to drugs. *State v. Williams, supra,* at 39-40; *State v. Goetjen,* 1 Or App 533 at 535-36, 464 P2d 837 (1970).

Affirmed.