Argued and submitted August 23, affirmed November 13, 1979

STATE OF OREGON,
*Respondent,*
*v.*
DAVID JENKS,
*Appellant.*

(No. J78-1015, CA  12684)

602 P2d 681

Thomas J. Crabtree, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

JOSEPH, P.J.

## JOSEPH, P.J.

Defendant was convicted of robbery in the first degree, ORS 164.415. He appeals, assigning as error denial of his motion to suppress statements made to the police.

Defendant was arrested in Montana on an Oregon warrant and transported to Oregon for prosecution. He was not promptly arraigned, apparently because of some confusion relating to warrants issued by the district and circuit courts of Douglas County. Defendant had three contacts with police following his arrest. Only one, on June 7, about 66 hours after his arrival at the jail, concerned the present charge. At the outset of that interview he was fully informed of his *Miranda* rights. His statements then made, admitting his participation in the robbery, were the subject of the motion to suppress. He was arraigned on June 13.

Defendant argues that holding him after the period for arraignment[1] had expired constituted an unlawful detention and that, therefore, pursuant to *Brown v. Illinois,* 422 US 590, 95 S Ct 2254, 45 L Ed 2d 416 (1975), and *State v. Lloyd,* 22 Or App 254, 538 P2d 1278 (1975), his admission should be suppressed even though he had been adequately apprised of his *Miranda* rights. The state contends, however, that the statutory violation was not of constitutional proportions and so is not a ground for suppression.

ORS 135.010 was amended by Oregon Laws 1973, chapter 836, section 130. ORS 133.550, which had provided that the "defendant shall in all cases be taken before the magistrate without delay," was

---

[1] ORS 135.010:

"When the accusatory instrument has been filed, the defendant, if he has been arrested, or as soon thereafter as he may be, shall be arraigned thereon before the court in which it is found. Except for good cause shown or at the request of the defendant, if the defendant is in custody, the arraignment shall be held during the first 36 hours of custody, excluding holidays, Saturdays and Sundays. In all other cases, the arraignment shall be held within 96 hours after the arrest."

repealed. (Oregon Laws 1973, ch 836, § 358.) Violation of the mandatory language of ORS 133.550 did not require exclusion of a statement knowingly and voluntarily made by an arrestee. *See State v. Shipley,* 232 Or 354, 375 P2d 237 (1962), *cert den* 374 US 811, 83 S Ct 1701, 10 L Ed 2d 1034 (1963); *State v. Sunderland,* 4 Or App 1, 468 P2d 900, 476 P2d 563 (1970).

The commentary to the Proposed Oregon Criminal Procedure Code (1972), § 206, indicates that ORS 135.010 is intended to promote speedy arraignments. It does not bar prosecution when the statute is violated, and the legislature did not expressly provide for the exclusion of evidence when the statute is violated. We conclude that exclusion was not intended. *State v. Weaver,* 41 Or App 201, 208, 598 P2d 308, *rev den* (1979).

The defendant was arrested pursuant to a valid warrant. He was never denied release on bail. During the one interview defendant had with the police, his rights were explained to him by the interviewing officer. There is no evidence of any police pressure in this case and no evidence that his arraignment was delayed in order to provide the police with opportunity to question him. His reliance on *Brown* and *Lloyd* is misplaced. In both of those cases the arrests were illegal. The confessions were found to be products of the invalid arrests and they were suppressed. In this case defendant was legally arrested. His confession, voluntarily given, was not the product of an invalid arrest. The state's violation of ORS 135.010 was not a violation of his constitutional rights and furnished no basis for a suppression. The interests protected by the statute, *i.e.,* information of rights and early release from custody, might have been affected by the failure to arraign, but that is not the basis of the defendant's claim of error.[2] *See State v. Valdez,* 277 Or 621, 629, 561 P2d 1006 (1977).

Affirmed.

---

[2] Whether the exclusionary rule in ORS 136.435 was applicable was not raised; *see State v. Allen,* 239 Or 524, 527, 398 P2d 477 (1965).