Argued and submitted May 13, reversed and
remanded for trial June 29, 1981

## STATE OF OREGON,
*Appellant,*

*v.*

## LAWRENCE PAUL,
*Respondent.*

(No. 37629, CA 19760)

630 P2d 395

Stephen F. Peifer, Assistant Attorney General, Salem,
argued the cause for appellant. With him on the brief were
Dave Frohnmayer, Attorney General, John R. McCulloch,
Jr., Solicitor General, and William F. Gary, Deputy Solici-
tor General, Salem.

Marilyn C. McManus, Deputy Public Defender, Salem,
argued the cause for respondent. With her on the brief was
Gary D. Babcock, Public Defender, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

ROBERTS, J.

## ROBERTS, J.

Defendant was charged with burglary in the first degree. ORS 164.225. Before trial defendant made a motion to suppress a confession made to police following his arrest on the ground that it was given without a knowing and voluntary waiver of his right to remain silent. His affidavit in support of the motion stated that because of intoxication defendant had no recollection of confessing to the crime. The trial court granted the motion, holding that because the two "Miranda forms"[1] defendant was said to have signed were not offered into evidence, there was no evidence that defendant was fully advised of and voluntarily gave up his right to remain silent. The prosecutor moved to reopen in order to introduce into evidence the forms and testimony by officers as to their discussions with defendant. The trial court denied the oral motion to reopen. A subsequent written motion to reopen was likewise denied. The state appeals. We reverse and remand.

The state advances two theories: (1) the court abused its discretion in denying the motion to reopen, and (2) the evidence was sufficient, without introduction of the forms, to show defendant's confession was voluntary.

The trial court was correct in its explanation, made in denying the motion, of the proper analysis for determining whether a confession made to police is voluntary. The court stated:

"Before a Court can admit statements made by a defendant against him, the Court has to find first that the defendant was advised of all the rights required under the case of *Miranda v. Arizona*—that is, that he was advised of his right to remain silent and need not make any statement, that if he did give up his right to remain silent that what he said would be used against him in further proceedings, that he had a right to counsel and to have his attorney present with him during the questioning, and that if he is unable to afford an attorney that one can be — will be appointed for him at public expense.

---

[1] These are presumably the printed cards used by law enforcement officers to read to suspects their rights against self-incrimination established by *Miranda v. Arizona*, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694 (1966), and including advice as to the right to remain silent, that any statement made could be used in court, of the right to have an attorney present and to have one appointed if indigent.

"If the Court finds that the defendant is fully and completely advised of these rights, the Court then has to find further that a defendant knowingly and voluntarily gave up his right to remain silent and made these statements to the police. The defendant's basic contention in this case is that because he was intoxicated he was — did not knowingly give up his right to remain silent."

■■ While the court's determination to assure itself that defendant had been fully advised of his rights against self-incrimination may be laudable,[2] it was error for it to grant the motion to suppress on a ground not advanced by the defendant. *See St. Clair v. Jelinek et ux.,* 187 Or 151, 160, 210 P2d 563 (1949); *cf. State v. Applegate,* 39 Or App 17, 21, 591 P2d 371, *rev den* (1979). The court here said:

"The Court does not really have to reach the issue of intoxication because the Court cannot make a finding based on the evidence of what rights the defendant was advised of, whether he was fully advised of each of the rights required, and the Court can also not, from the evidence presented, determine whether or not there has been a voluntary and knowing waiver on the part of the defendant, that he understood the rights and, understanding the rights, willingly and voluntarily gave up his right to remain silent. All we have is the testimony of the officer that he was advised of his rights."

Defendant did not contend he had not been properly advised of his rights, but only that he was incapable of making a voluntary waiver of those rights because he was intoxicated.[3] The content of the *Miranda* warnings was not challenged by defendant; he did not object when the two officers testified at the hearing that he was "apprised of his rights" and signed "the rights card." The *only* issue the trial court had to reach was that of intoxication.

---

[2] The court, in denying the motion to reopen, said it was refusing to reopen "in order to wake the state up" on an issue it apparently felt had been a consistent problem: "this issue of simply having the officer testify that he advised him of his rights and then proceeding on * * *." The state's shorthand way of presenting proof on *Miranda* warnings is, of course, acceptable if the defendant fails to object. Such shorthand language has, in fact, been used by trial courts and by this court itself in the past. *See State v. Jones,* 27 Or App 767, 557 P2d 264 (1976), *rev den* (1977).

[3] Defendant testified that on the day he was arrested, between 6 a.m., when he arose, and 9:30 a.m., when he was arrested, he consumed nine to twelve shots of 100-proof whiskey. The arresting officers testified defendant evidenced no odor, stumbling, slurring or difficulties in communication.

It is unnecessary to decide whether the court should have allowed reopening for more evidence on the content of the *Miranda* warnings if defendant did not contend that the warnings were insufficient. The issue before the court was intoxication. Whether defendant's intoxication was so extreme that his confession cannot be said to have been the product of a rational intellect and free will is a fact issue properly left to the trial court to decide. *State v. Culley,* 25 Or App 387, 549 P2d 1130, *rev den* (1976). We remand for it to do so.

Reversed and remanded for trial.