Argued April 9, affirmed May 21, 1969

## STATE OF OREGON, *Respondent, v.* WILLIAM WALTER JOHNSON, *Appellant.*

454 P2d 852

*Bernard Jolles,* Portland, argued the cause for appellant. With him on the brief were Franklin, Olsen, Bennett, Des Brisay & Jolles, Portland.

*Jacob B. Tanzer,* Assistant Chief Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and HAMMOND,* Justices.

---

* Hammond, J., did not participate in the decision of this case.

PER CURIAM.

This case is here to test the refusal of the trial court to suppress narcotic evidence seized in a hotel room occupied at the time by defendant. The question argued on appeal is entirely directed at the failure of the officers to conform to ORS 133.320.[1]

This case is identical with *State v. Hollman,* 1968, 251 Or 416, 446 P2d 117, where we refused to consider on appeal an alleged violation of ORS 133.320 because the issue was not presented to the trial court. In the instant case the statute was not called to the trial court's attention, either by the motion to suppress or in the oral proceedings in support of the motion. The statute was not mentioned to the trial court at any time. In this respect the record here is more conclusive than in Hollman. In the latter case the complete record was not available. The issues presented to the trial court and those decided are entirely different than the sole contention on the appeal. "* * * [S]ince the defendant did not ask the trial court to rule on that issue, [the statute] there is no ruling for this court to review on appeal." *State v. Hollman,* supra, 251 Or 416, 446 P2d at p 120.

Affirmed.

---

[1] "To make an arrest [without a warrant], as provided in ORS 133.310, the officer may break open any door or window as provided in ORS 133.290 and 133.300, if, after notice of his office and purpose, he is refused admittance."