Argued May 17, affirmed June 17, petition for rehearing
denied July 13, petition for review denied October 5, 1971

## STATE OF OREGON, *Respondent, v.*
## ROBERT D. RINER, *Appellant.*
### 485 P2d 1234

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*W. Michael Gillette,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

This is an appeal from a conviction for possession of narcotics. ORS 474.020. Defendant contends that evidence that he had narcotics in his possession should have been suppressed because (1) he was arrested on a pretext, and (2) he was not immediately taken before a magistrate pursuant to ORS 133.550.

Defendant, driving an automobile with a California license, stayed overnight at a Lebanon motel. The motel operator reported to the Lebanon police department that the defendant had a gun in his vehicle which was thought to be illegal. There was also a report from an apparently unreliable source that the defendant was a narcotics user. After receiving the reports, a sergeant and detective of police waited in a parking lot nearby and when the defendant drove away from the motel they stopped him. The sergeant asked for driver's license identification when the defendant got out of his vehicle. The detective at the same time looked for, saw, and measured a rifle which was showing in the car. Finding it to be legal, he replaced it. The defendant produced for the sergeant an expired temporary California driver's license. The

sergeant asked if he had any other license and defendant searched his billfold therefor, contending he had a valid license, but could not produce it. Thereupon, the sergeant placed him under arrest for driving without a valid license, handcuffed him, and took him to the police station. The detective followed, driving the defendant's car. At the police station, before the detective arrived, the sergeant commenced booking the defendant, and in the process of booking required him to empty his pockets of his personal effects.

Among the effects the defendant produced upon the booking counter were several balloons which later investigation disclosed contained heroin and a hypodermic kit. After these were produced the detective came into the room and the sergeant pointed out the contraband. The defendant was dressed into jail.[1]

■ (1). Defendant contends his arrest was on a pretext. ORS 482.040 (1) requires any vehicle operator to be licensed. ORS 482.050 requires that nonresidents driving on Oregon roads have in their immediate possession a valid home-state operator's license. It was the officer's duty to make an arrest when the defendant could produce only an invalid operator's license. By the time the defendant's valid license was found the defendant had produced evidence of a felony; namely, possession of narcotics. When the latter evidence was produced the officer testified that he would have held defendant, regardless of the other charge.

---

[1] A few minutes later, after the sergeant had made out a citation for the license infraction, the sergeant was looking through the contents of defendant's billfold and found a tightly folded valid temporary California driver's license. He testified he could not dismiss the citation he had made out. He transmitted a teletype message to California to definitely determine the defendant's driving status. California authorities later verified that he had a valid license.

Indeed, he would have been derelict in his duty if he had not done so. We find nothing in *State v. Whitewater*, 251 Or 304, 445 P2d 594 (1968), relied upon by defendant, which indicates to the contrary, for in that case the court said at 306:

"\* \* \* [I]t was the official duty of the officers to make the arrest as commanded, regardless of their suspicions [about defendant's having committed another crime]."

In that case traffic warrants were outstanding for defendant. In the case at bar it reasonably appeared that a traffic violation was being committed. It was, therefore, the sergeant's duty to make the arrest, regardless of what his suspicions might have been with reference to narcotics.

■ (2). ORS 133.550 requires that the defendant "in all cases be taken before a magistrate without delay." The question here is whether taking the defendant to the jail for the booking procedure was delay in contemplation of ORS 133.550. After the narcotics were produced during the booking procedure, we are satisfied that the officers were entitled to take reasonable time to have the contents of the balloons tested to determine that they did contain heroin.

The sergeant testified that it is the procedure of his police department, where an out-of-state driver cannot produce a valid driver's license, that such drivers are arrested, booked into jail, and a check made with the state motor vehicle department of the home state to determine what the arrestee's true status is. Nothing in the evidence contravenes the sergeant's testimony that this is standard operating procedure.

It does not appear that the defendant was singled out to be jailed differently than any other out-

of-state person illegally driving without a valid license. The intervening production of the heroin changed the sequence of events which would normally have occurred thereafter. We hold that there was no undue delay.[2]

Affirmed.

---

[2] Defendant has urged the McNabb-Mallory rule on the court. McNabb v. United States, 318 US 332, 63 S Ct 608, 87 L Ed 819 (1943); Upshaw v. United States, 335 US 410, 69 S Ct 170, 93 L Ed 100 (1948); Mallory v. United States, 354 US 449, 77 S Ct 1356, 1 L Ed 2d 1479 (1957). This court has pointed out that the McNabb-Mallory rule does not apply in Oregon. See n. 1, State v. Sunderland, 4 Or App 1, 468 P2d 900, 91 Adv Sh 821, 476 P2d 563, Sup Ct *review denied* (1970).