Argued October 29, affirmed November 26, petition for rehearing
denied December 21, 1971, petition for review denied
February 1, 1972

# STATE OF OREGON, *Respondent, v.* SCOTT ALAN SORGENFREI (Nos. 101655, 101656), *Appellant.*

490 P2d 1040

*J. Marvin Kuhn*, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C. J.

The defendant having been convicted of illegal possession of narcotics, LSD capsules and amphetamine pills, appeals on the ground that the narcotics in question which were seized from among his belongings should have been suppressed because (1) he was not immediately taken before a magistrate pursuant to ORS 133.550, and (2) at the time the police seized the narcotics they did not have probable cause to believe that the pills and capsules were contraband.

Defendant was arrested for attempting to solicit

a ride on a public highway and was immediately taken to the police station and "booked" without first being taken before a magistrate. As a part of the "booking" procedure, his belongings were inventoried and the contraband discovered. This gives rise to his first assignment of error. Not only has this issue been decided adversely to defendant's position by *State v. Riner,* 6 Or App 72, 485 P2d 1234, Sup Ct *review denied* (1971), but it is not properly before us because this ground for suppression was not presented to the trial court, but is raised for the first time on appeal. *State v. Johnson,* 253 Or 416, 454 P2d 852 (1969); *State v. Skrelunas,* 1 Or App 182, 460 P2d 869 (1969).

■■ The inventorying of an arrestee's personal belongings as part of a standard booking procedure is lawful. *State v. Whitewater,* 251 Or 304, 445 P2d 594 (1968). In the process of inventorying the defendant's belongings the arresting officer discovered marihuana. He then came upon pills which did not look like Bufferin, contained in a small Bufferin tin. He knew from his own experience that persons who carry marihuana frequently possess other drugs as well. He was advised by another member of the police force who checked in a medical reference book that one of the pills appeared to be amphetamine. He then had the capsules and pills in question subjected to analysis. He was justified in doing so. The circumstances attendant upon his discovery of these capsules and pills were sufficient to create a well-warranted suspicion in the officer's mind that these items were contraband.[1]

Affirmed.

---

[1] Contrary to defendant's contention this case is not affected by State v. Elkins, 245 Or 279, 422 P2d 250 (1966). Here, unlike

THORNTON, J., specially concurring.

As Justice O'CONNELL pointed out (and correctly, I think) in his dissenting opinion in *State v. Allen,* 248 Or 376, 386, 434 P2d 740 (1967):

> "A violation of a minor traffic regulation does not subject a person in this state to the machinery of the criminal law. * * *"

The offense involved here, hitchhiking, was also a minor traffic violation.

For the reasons which were well set forth in the above opinion, I do not believe that under our Motor Vehicle Code the act of hitchhiking, without more, subjected defendant to booking-in at the county jail, a shakedown search and laboratory analysis of pills discovered in his luggage.

Because defendant's arrest and detention were unlawful, I believe the seizure of the personal items was likewise unlawful and should have been suppressed. *Wong Sun v. United States,* 371 US 471, 83 S Ct 407, 9 L Ed 2d 441 (1963).

However, in view of our decision in *State v. Riner,* 6 Or App 72, 485 P2d 1234, Sup Ct *review denied* (1971), and the decision of the majority of the Supreme Court in *State v. Allen,* supra, I concur in the result in this case.

---

in *Elkins* (see pp 284, 288), the drugs were not seized at the time of the initial contact between police officer and defendant, but only during the inventory procedure after the defendant had been arrested, brought to jail and was being "booked." Also, here, unlike in *Elkins,* the officer's suspicion that the capsules and pills were narcotics was well warranted.