Argued August 23, affirmed September 8, petition for rehearing
denied October 11, petition for review denied
November 21, 1972

STATE OF OREGON, *Respondent, v.*
CHRISTOPHER POOLE (No. C-71-12-3905 Cr),
*Appellant.*
500 P2d 726

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*John W. Osburn,* Solicitor General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Burgess, Special Assistant Attorney General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

The defendant was convicted by a jury of the crime of burglary in a dwelling. He appeals asserting that the trial court erred in denying defendant's motion to suppress and motion for mistrial, and erred in instructing the jury that every witness is presumed to tell the truth.

A Multnomah County Sheriff's deputy, while on duty, received a call of a burglary in progress. This broadcast included a description of the car (a maroon Corvette, bearing Oregon license number 5S1264), a description of the occupants (two males), the direction of travel, and a statement that the occupants of the car had been seen carrying rifles from the burglarized house.

Approximately six minutes after receiving the broadcast, the officer observed the vehicle described in the broadcast proceeding at a high rate of speed in the direction indicated in the broadcast.

The vehicle proceeded to and parked in a metered parking area east of the airport and the officer stopped his vehicle behind the car. He approached the two occupants and asked them for their identification. The driver, Eugene Hughes, produced his

Social Security card and the defendant produced a California driver's license.

After the officer had made a search for weapons he went over and looked in the window of the vehicle and saw on the back floorboard a green blanket and a brown leather coat. It appeared to the officer the blanket had been draped over some tube-like objects. The officer opened the car door and saw protruding from the blanket an inch and a half tube-like object which appeared to be the muzzle of a weapon. He then proceeded to lift up the blanket and observed seven rifles under it. He then shut the door, walked over to the suspects and placed them under arrest for burglary.

Defendant sets forth two grounds for his assertion that the search which resulted in the seizure of the weapons was unlawful. He first contends that the officer had no justification for stopping the automobile other than the "unverified tip" which was broadcast to him. Since the state failed to show that its "informant" was reliable, defendant's argument continues, the basis for stopping was unfounded.

■ Defendant's reliance on the cases of *Spinelli v. United States,* 393 US 410, 89 S Ct 584, 21 L Ed 2d 637 (1969) ; *McCray v. Illinois,* 386 US 300, 87 S Ct 1056, 18 L Ed 2d 62, *reh denied* 386 US 1042 (1967) ; and *Aguilar v. Texas,* 378 US 108, 84 S Ct 1509, 12 L Ed 2d 723 (1964), is inappropriate, since those cases all involve the reliability of an unnamed police informant. The instant case, by contrast, involves a "citizen informer" who was an eye-witness to the burglary. This court has recently held that the state need not prove the reliability of such an individual to the extent that it

must prove the reliability of an "unnamed police informant," since the citizen informer hides behind "no cloak of anonymity." *State v. Poteet,* 9 Or App 231, 235-37, 495 P2d 783, Sup Ct *review denied* (1972).

■ We conclude that the information broadcast to the officer was sufficiently reliable and specific to constitute probable cause for him to stop the vehicle.

Defendant also contends that the officer should have obtained a search warrant before searching the vehicle.

■■ In order to justify a warrantless search two conditions must be met. First, there must be "probable cause" that a search of the person or place in question will result in the finding of evidence of crime. *State v. Keith,* 2 Or App 133, 465 P2d 724, Sup Ct *review denied* (1970). This requirement was met in the instant case, given the minute specificity of the police broadcast received by the officer. Second, there must be some exigent circumstance which outweighs the need for judicial scrutiny of probable cause which the search warrant provides. In this case the mobile nature of the automobile gave the officer probable cause to believe that an immediate search was necessary in order to avoid the loss of evidence. *Chambers v. Maroney,* 399 US 42, 90 S Ct 1975, 26 L Ed 2d 419, *reh denied* 400 US 856 (1970) ; *State v. Keith,* supra. The facts in the present case are materially different from the facts in *Coolidge v. New Hampshire,* 403 US 443, 91 S Ct 2022, 29 L Ed 2d 564, *reh denied* 404 US 874 (1971), relied upon by defendant. We hold that the search was proper under the facts of this case.

Defendant's second assignment of error is that the trial court erred in denying his motion for a mis-

trial. The facts leading to the motion for mistrial were as follows: After defendant had taken the stand, the state introduced into evidence a copy of a judgment showing that defendant had been convicted of petty larceny. Defendant, on redirect examination, stated that he had pleaded guilty to the petty larceny charge and to another charge, and defense counsel referred to the larceny charge as involving only "cigarettes and candy." This was done presumably to minimize the effect that defendant's prior convictions might have on the jury.

On recross-examination the defendant stated that he was motivated to plead guilty to petty larceny only because he had been advised that this was the only way he could get out of jail. The prosecutor then asked:

"Q. Mr. Poole, in fact, what happened, isn't it, is that you and Mr. Hughes both were charged with burglary and—"

Defense counsel objected, the jury was excused, and defense counsel moved for a mistrial. The trial judge ruled, after extensive argument, that although he believed that the question was improper, he did not believe that it was so prejudicial as to justify declaring a mistrial. In reaching this conclusion the judge said that when the question was asked he did not realize himself that Hughes had been linked with defendant in the prior burglary, and that he believed that "* * * perhaps the jury missed it entirely or missed any import that might be attached to it. * * *"

The trial judge then suggested that he instruct the jury in a general way to disregard the question, rather than specifically emphasize the point. Defendant's attorney agreed with the judge. Therefore, the

judge instructed the jurors when they were brought back:

> "THE COURT: Ladies and gentlemen, just before you took your recess, there was an objection made by Mr. Haslett and I have sustained his objection, but, in addition to simply sustaining his objection, I want to tell you specifically, if you recall the question that was commenced by Mr. Schrunk, please, erase it from your mind and completely disregard the question to which an objection was made.

> "Now, I know that sometimes that is asking you to do the impossible, to say just erase it, but it is not impossible for you to disregard it. You can disregard it and you must do so."

And then when the judge instructed the jury at the end of the trial, he said that evidence of defendant's and "one of the witnesses" prior convictions can be considered only as bearing on their "believability" and "* * * must not be considered by you as any evidence bearing upon the guilt or the innocence of the defendant of the crime for which he is charged here."

▉▉▉ The prosecutor's question, with the exception of the reference to Mr. Hughes, was proper. When defense counsel attempts to minimize the effect of a previous conviction by way of showing a guilty plea, the prosecutor is entitled to show that factors other than the defendant's remorse entered into his decision to plead guilty. *State v. Rowley*, 6 Or App 13, 485 P2d 1120, Sup Ct *review denied* (1971). But the reference to Mr. Hughes was improper, since it did not go to the issue of defendant's credibility, but tended solely to taint his character. The legally impermissible inference that this type of question leads to is that defendant is likely to have committed the offense at bar because he

(here, he and an accomplice) has committed it before. *State v. Hoover,* 248 Or 178, 433 P2d 244 (1967).

> "The general rule is that a motion for mistrial is addressed to the sound discretion of the trial court, and its exercise will not be upset except for a clear abuse." *State v. Smith,* 4 Or App 261, 263-64, 478 P2d 417 (1970).

If the trial judge had proceeded on the assumption that because he did not hear a statement, the jury also did not hear it, we would have little difficulty in holding that there was an abuse of discretion. But here, the trial judge carefully considered the alternatives open to him, and chose the one which seemed most likely to dissipate the statement's effect, if any, on the jury. As in *State v. Smith,* supra, the court clearly and emphatically instructed the jury to disregard the question if they had any recollection of it, and he also gave a further cautionary instruction at the end of the trial. Moreover, the question asked does not indicate bad faith on the part of the prosecution. In sum, it appears that the trial judge did in fact exercise his discretion in light of proper standards, and that his ruling shows no abuse under the circumstances. The facts of this case are distinguishable from those in *State v. Rollo,* 221 Or 428, 351 P2d 422 (1960), where prosecutorial bad faith and a lack of prompt corrective action were both present, and *State v. Molatore,* 3 Or App 424, 474 P2d 7 (1970), where the court refused to correct the prosecutor, the argument in question was not stricken, and the jury was not told to disregard it.

■ Defendant's final assignment of error is that the trial court erred in instructing the jury that every witness is presumed to speak the truth. Defendant

took the stand, called witnesses and took no exception. This issue has recently been decided contrary to defendant's position. *State v. Blocher,* 10 Or App 357, 499 P2d 1346 Sup Ct *review denied* (1972).

Affirmed.