## STATE OF OREGON, *Respondent, v.*
## DAN JAY HALL (No. 7670), *Appellant.*

514 P2d 361

630

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Robert E. Brasch,* District Attorney, Coquille, argued the cause and filed the brief for respondent.

Before LANGTRY, Presiding Judge, and FOLEY and FORT, Judges.

FOLEY, J.

Defendant was convicted by jury trial of criminal activity in drugs, i.e., possession of over one ounce of marihuana, ORS 167.207, and received a two-year sentence.

Defendant makes four assignments of error. His first is that defendant was not shown to be in possession of marihuana. The record indicates that defendant, during the search of the home where defendant was resident, was sitting on a baggie of marihuana which he admitted was his. Possession of at least the marihuana contained in the baggie was thus conceded by defendant.

■ ■ His second assignment is that there was insufficient proof of his possession of over one ounce of marihuana. Defendant claims that the evidence that the baggie on which he was sitting weighed over one ounce was insufficient, because, although the officer who testified about it had weighed it as 34 grams (28 grams make an ounce), the officer admitted that there was a small amount of stem material, which was not illegal, in the package. ORS 167.202 (1), 474.010 (13). The officer estimated this amount to be five grams, which, if the officer were accurate, would leave a balance of 29 grams of illegal marihuana in the baggie in question. He stated he had weighed marihuana 2,000 to 2,500 times and could reasonably accurately estimate weights of quantities of from one to 15 grams. The officer's estimate as to weight was clearly admissible and defendant's objection goes to the weight to be accorded it rather than its admission into evidence. The officer's testimony would support a finding of over one ounce. The quantity was thus a jury question and the jury found against the defendant.

■ For his third assignment defendant contends that the offense of criminal drug promotion should have been submitted to the jury as a lesser included offense. The indictment in this case charging possession did not charge the elements of the offense of criminal drug promotion, ORS 167.222,① so the latter is not a lesser included offense. ORS 136.660.②

---

① The indictment reads, in pertinent part:

"DAN JAY HALL is accused by the Grand Jury of the County of Coos, State of Oregon, by this Indictment of the crime of CRIMINAL ACTIVITY IN DRUGS committed as follows:

"That said DAN JAY HALL on the 10th day of July, 1972,

**632**

■ Defendant's final assignment is the denial of a motion for mistrial. Defendant objected to a statement made by counsel for the state during closing argument to the effect that the jury could infer from the evidence that "defendant was packaging marijuana and packaging it for probably no other reason than to sell it later."[3] The defendant objected and the objection was sustained. No request was made to the court to have the jury disregard the remark; in fact, nothing at all in this connection was done by defendant until after the jury had been instructed and had retired. Defense counsel then, after having taken exceptions to the instructions, moved for a mistrial on the basis of the "objectionable statement" made by counsel for the state during argument, as set forth above. The trial court denied the motion as not timely, pointing out that

in the County of Coos and State of Oregon, then and there being, did unlawfully and knowingly possess marihuana, a narcotic drug in a quantity of more than one avoirdupois ounce * * *."

ORS 167.222 provides:

"(1) A person commits the crime of criminal drug promotion if he knowingly maintains, frequents, or remains at a place:

"(a) Resorted to by drug users for the purpose of unlawfully using narcotic or dangerous drugs; or

"(b) Which is used for the unlawful keeping or sale of narcotic or dangerous drugs:

"(2) Criminal drug promotion is a Class A misdemeanor."

[2] ORS 136.660 provides:

"In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which he is charged in the indictment or of an attempt to commit such crime."

[3] We do not reach the question whether this argument was a fair comment on the evidence.

if the motion had been proper and timely, the court could have acted appropriately.

> " 'The general rule is that a motion for mistrial is addressed to the sound discretion of the trial court, and its exercise will not be upset except for a clear abuse.' *State v. Smith*, 4 Or App 261, 263-64, 478 P2d 417, 418 (1970)." *State v. Poole*, 11 Or App 55, 62, 500 P2d 726, Sup Ct *review denied* (1972).

The trial court was warranted in denying the motion for mistrial and we find no abuse of discretion here.

Affirmed.