Argued August 21, affirmed October 8, petition for rehearing denied November 1, 1973, petition for review denied February 12, 1974

STATE OF OREGON, *Respondent, v.* CORY JOHN BIDWELL, AKA CORY JOHN MUNION (No. 39613), *Appellant.*

514 P2d 559

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Doyle L. Schiffman,* District Attorney, Roseburg, argued the cause for respondent. With him on the brief was Brian R. Barnes, Deputy District Attorney, Roseburg.

Before LANGTRY, Presiding Judge, and FOLEY and THORNTON, Judges.

LANGTRY, J.

Defendant appeals from conviction of two counts of criminal activity in drugs. ORS 167.207. He contends the evidence against him should have been suppressed because a search warrant which was the basis for the search and seizure which resulted in his conviction was based upon an affidavit which did not recite probable cause for the search. The pertinent part of that affidavit so far as this appeal is concerned is:

"My belief is based upon information that I received from Richard Lee Tracy, said person advised me that on January 29, 1973, between the hours of 12:00 and 5:00 p.m. he personally observed the above items [LSD and Mescaline] in a candy box, dimensions: approximately 4 inches, by 10 inches, by 20 inches, at the aforementioned residence. I consider him reliable because he has previously furnished me information found to be accurate."

The affidavit had already particularly identified the apartment to be searched and the names of the occupants thereof.

The defense argument rests upon the decisions of the United States Supreme Court in *Jones v. United States,* 362 US 257, 80 S Ct 725, 4 L Ed 2d 697, 78 ALR2d 233 (1960); *Aguilar v. Texas,* 378 US 108, 84 S Ct 1509, 12 L Ed 2d 723 (1964); and *United States v. Ventresca,* 380 US 102, 85 S Ct 741, 13 L Ed 2d 684 (1965). The first two of these cases involved searches based upon warrants where *unidentified* informers had given the information. Thus, in *Aguilar* the court said:

"* * * Here the 'mere conclusion' that petitioner possessed narcotics was not even that of the affiant himself; it was that of an unidentified in-

formant. The affidavit here not only 'contains no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein,' it does not even contain an 'affirmative allegation' that the affiant's unidentified source 'spoke with personal knowledge.' For all that appears, the source here merely suspected, believed or concluded that there were narcotics in petitioner's possession * * *." (Footnote omitted.) 378 US at 113-14.

In *Ventresca* the affidavit supporting the warrant was by one government investigator who recited some things which he knew of his own personal knowledge and other things which he had learned from other government investigators. There were no totally unidentified informers involved. The court refused to suppress the evidence in that case and stated that the affidavit was sufficient. It said:

"* * * We conclude that the affidavit showed probable cause and that the Court of Appeals misapprehended its judicial function in reviewing this affidavit by giving it an unduly technical and restrictive reading." 380 US at 111.

We conclude that the precedents upon which defendant relies do not support his argument. We have previously held in *State v. Poteet,* 9 Or App 231, 495 P2d 783, Sup Ct *review denied* (1972), and *State v. Poole,* 11 Or App 55, 500 P2d 726, Sup Ct *review denied* (1972), that an invasion of a man's hotel room and a search of another's automobile were based upon probable cause where *named* "citizen informers" had given police officers information indicating that crimes were being committed and a basis to believe that invasion or search would probably result in apprehension of the criminal or finding evidence of the crime. In *Poole* we said:

"* * * This court has recently held that the

> state need not prove the reliability of such an individual to the extent that it must prove the reliability of an 'unnamed police informant,' since the citizen informer hides behind 'no cloak of anonymity.' *State v. Poteet,* 9 Or App 231, 235-37, 495 P2d 783, Sup Ct *review denied* (1972)." 11 Or App at 58-59.

We apply that reasoning to the assessment of an affidavit such as that involved here when it is the basis for the issuance of a search warrant. By revealing the name of the citizen informer so that he might be subject to the processes of law if he is giving false information and by showing the bases upon which the police officer believed the informer was reliable, we have no doubt that the police officer made a sufficient affidavit in the case at bar.

Affirmed.