Argued September 17, reversed and remanded December 9, 1974,
reconsideration denied February 12, petition for review
denied February 25, 1975

## STATE OF OREGON, *Appellant, v.* WILLIE EUGENE MILLER (No. C 73-12-3741 Cr), *Respondent.*

528 P2d 1082

*Timothy Wood,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Jana T. Gregory,* Portland, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and THORNTON and TANZER, Judges.

TANZER, J.

This is an appeal by the state from an order suppressing evidence obtained in a warrantless search. The trial court held that there was neither probable cause to enter a house nor exigent circumstances allowing a warrantless entry.

Two undercover police officers arranged with a heroin addict named McRoberts to purchase one to four ounces of heroin through him. McRoberts did not know that the officers were police personnel. He had made two previous sales of heroin to the officers. McRoberts had the officers drive him to a parking lot in Northeast Portland. There he was given a marked $100 bill with which to buy some heroin. Under the observation of a surveillance team, he left the car, went around a corner, entered a house, returned five or ten minutes later, and informed the officers that his source of supply was not home. Actually, he later admitted that he had made his buy on this first stop.

Thereafter, the group made several other stops for McRoberts to look for his source, including another at the same house, all without result and McRoberts was returned to his room. Later the officers visited

McRoberts in his room. McRoberts said that his source was having trouble obtaining the ounce of heroin. He then received a telephone call and told the officers that his source had obtained it. The group then returned to the same parking lot.

Upon arrival, McRoberts asked for an additional $1,050 with which to buy the heroin. The officers refused until they saw a sample of the heroin. McRoberts then went to the same house, returning ten minutes later with what he said was heroin. He said that within the residence he had seen an ounce of heroin packaged in a condom. McRoberts was then arrested.

The officers decided to search the house. They testified that they proceeded without a warrant because they feared the evidence would be destroyed or removed, because a person periodically looked out from an upper window of the house and because they felt it would be difficult for them as white persons in a black neighborhood to maintain a surveillance for the one and a half to two hours needed to obtain a warrant without arousing suspicion.

The officers entered the house, rounded its occupants into the living room and waited. The officers denied any searching activity during the waiting period and defendant's evidence shows no seizure or other activity inconsistent with securing the premises. An hour and a quarter later they received notification of the warrant and a search began. The officers found the marked $100 bill and several balloons of apparent heroin which are the evidence suppressed by the order appealed from.

■ The facts known by the officers amounted to

probable cause to believe that there was heroin in the house. They knew that an addict who had twice before sold heroin to them agreed to act as a middle-man in another sale of a large quantity of heroin, that in the performance of his agreement he emerged from the house with a sample of apparent heroin and that he wanted the officers to give him the full purchase price so he could return for the remainder. Those facts are sufficient to provide reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that there was more heroin inside the house. *State v. Keith,* 2 Or App 133, 142, 465 P2d 724, *rev den* (1970).

Defendant argues that there is no reason to conclude that McRoberts was a reliable informant. Certainly the events of the evening tend to give credibility to McRoberts' indication that the remainder of the heroin was in his source's house, but this situation is not to be confused with the usual informant cases. McRoberts was not an informant in the usual sense. This was an undercover situation in which the actor was unaware that he was talking to agents of the law. The question is not the reliability of an informant, but rather whether the facts observed in the course of the investigation, including the physical and verbal acts of the people involved, amount to probable cause, *cf. State v. Koberstein,* 8 Or App 307, 493 P2d 176, *rev den* (1972), and the arrest case of *State v. Bopp,* 16 Or App 604, 519 P2d 1277 (1974). Here, that quantum of knowledge, as defined in *Keith,* was clearly accumulated.

■ Probable cause having been established, the next issue is the existence or not of exigent circumstances to justify the warrantless entry of the house. In

*State v. Keith,* 2 Or App at 142-143, we stated the issue as whether the officer has

> "* * * *probable cause* to believe that [he] must immediately search without taking the time to seek and obtain a warrant: (a) in order to protect [himself] (or others in the immediate vicinity), or (b) in order to avoid the loss of evidence, or (c) in order to prevent the escape of the accused, or (d) for any other reason which outweighs the need for the judicial surveillance over police activity which the search warrant provides[.]"

Of particular application to narcotics investigations is this statement of the same rule found in *United States v. Rubin,* 474 F2d 262, 268-269 (3 Cir), *cert den* 414 US 833 (1973):

> "* * * Circumstances which have seemed relevant to courts include (1) the degree of urgency involved and the amount of time necessary to obtain a warrant; (2) reasonable belief that the contraband is about to be removed; (3) the possibility of danger to police officers guarding the site of the contraband while a search warrant is sought; (4) information indicating the possessors of the contraband are aware that the police are on their trail; and (5) the ready destructibility of the contraband and the knowledge 'that efforts to dispose of narcotics and to escape are characteristic behavior of persons engaged in the narcotics traffic'. * * *" (citations omitted.)

In the present case, the police had knowledge of the following facts:

■ McRoberts indicated that he was expected back in the house shortly with the money to complete the deal.

■ It was estimated that it would take over an hour to secure a warrant.

■ There was a person periodically looking out the upstairs bedroom window of the house.

■ The quantity of drugs suspected was small in size and easily disposed of.

These factors were sufficient to create probable cause for the police to believe that evidence would be lost if there were an extended delay. Therefore, under *Keith,* sufficient exigent circumstances existed to proceed without a warrant.

There being probable cause to search the house for heroin and exigent circumstances for a warrantless entry, the order suppressing the fruits of the search was erroneously entered.

Reversed and remanded.