Argued June 16, affirmed July 26, reconsideration denied
September 22, petition for review denied October 12, 1976

STATE OF OREGON, *Respondent,*

*v.*

HENRY JERREL JOHNSON, *Appellant.*

(No. C-75-05-1443 Cr, CA 5037)

552 P2d 554

*Gregory Kafoury,* Portland, argued the cause for appellant. With him on the briefs were John Toran, Jr., and Rita Radich, Portland.

*Janet A. Metcalf,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

## FOLEY, J.

Defendant alleges several assignments of error in this appeal from a conviction of two counts of criminal activity in drugs. ORS 167.207. His conviction was based on evidence of narcotic drugs seized from his person and from a motorcycle under a search warrant. We affirm.

Defendant first assigns as error the trial court's failure to sustain his objection to defendant's reindictment by the grand jury after the prosecution's motion to dismiss the first indictment was granted on the ground that it contained a fatal variance.[1] The order recited that "* * * the indictment herein contained a fatal variance, and * * * the ends of justice will be best subserved by the dismissal of the within matter * * * without prejudice." Defendant was arraigned on the reindictment prior to the motion to suppress hearing which took place in this case. The basis of defendant's objection to this procedure is by no means clear. Defense counsel seems to argue in his brief both that defendant was subjected to double jeopardy as a result of his reindictment and that the state was somehow estopped from resubmitting the same facts to the grand jury for reindictment.

Neither of defendant's arguments is well taken. Double jeopardy prohibits the prosecution of a person twice for the same offense. ORS 131.515. Here, the defendant was neither prosecuted nor acquitted under the first indictment since the trier of fact, the judge in this case, had not heard any witnesses before the first indictment was dismissed, *see* ORS 131.505(5)(c), and the dismissal of the accusatory instrument prior to trial was not an acquittal of the charges against defendant, *see* ORS 131.515. Nor was the dismissal a bar to reindictment by the grand jury inasmuch as

[1]The original indictment charged defendant with possession of heroin and cocaine and alleged that cocaine was a "dangerous drug." Under the relevant statutes, cocaine is designated a "narcotic drug." *See* ORS 474.010(11, 20), 475.010. The second indictment returned by the grand jury contained the proper designation.

criminal activity in drugs, ORS 167.207(2), is a Class
B felony. ORS 135.753(2) provides:

> "An order for the dismissal of a charge or action, as
> provided in ORS 135.703 to 135.709 and 135.745 to
> 135.757, is a bar to another prosecution for the same
> crime if the crime is a Class B or C misdemeanor; but it
> is not a bar if the crime charged is a Class A misde-
> meanor *or a felony*." (Emphasis supplied.)

Thus, the dismissal of the first indictment and the
reindictment of defendant did not constitute error.

■ ■ Defendant next assigns as error the trial court's
denial of his motion to controvert the accuracy of the
affidavit filed in support of the search warrant issued
in this case.[2] Defendant's affidavit in support of his
motion purported to controvert the statement of the
affiant, Officer Mason, that he had observed defend-
ant driving four identified vehicles (subsequently
searched under the warrant) during the week preced-
ing the application for a search warrant. Officer
Mason testified that he had seen the defendant driving
the vehicles during the week preceding the arrest and
his testimony was corroborated by another police
officer. However, at the motion to suppress hearing a
fact was controverted regarding the proximity of a
garage to the house searched under the warrant. The
affidavit described the garage as "attached" to the
house and Officer Mason testified that the garage was
separated from the house by a small gap, although it
did appear attached to the house when viewed from a
distance.[3]

---

[2]Defendant based his motion on ORS 133.693(2):

> "If the evidence sought to be suppressed was seized by authority of
> a search warrant, the moving party shall be allowed to contest the good
> faith, accuracy and truthfulness of the affiant as to the evidence pre-
> sented before the issuing authority only upon a supplementary motion,
> supported by affidavit, setting forth substantial basis for questioning
> such good faith, accuracy and truthfulness."

[3]Defense counsel also contends that two additional statements made by
the affiant have been controverted. These statements are the affiant's
representation that the informant stated he had seen the defendant conceal
heroin in the four vehicles and the affiant's statements describing the

The question presented by this assignment of error is whether

"* * * the [issuing] magistrate, relying only on the accurate parts of the affidavit and disregarding the inaccurate parts, [could] have independently determined there was probable cause to search * * *." *State v. Hughes,* 20 Or App 493, 532 P2d 818 (1975); *see also State v. Braun,* 22 Or App 592, 540 P2d 1029 (1975).

We conclude that the only inaccuracy shown by defendant is the statement in the affidavit that the garage searched under the warrant was "attached" to the house. This inaccuracy did not deprive the affidavit of the requisite showing of probable cause.[4] *See State v. Braun, supra.* Thus the trial court did not err in denying defendant's motion to controvert.

■ Defendant also assigns as error that portion of the trial court's order denying his motion to suppress evidence of narcotics seized from a motorcycle located in the garage next to the residence of defendant's friend where defendant occasionally spent the night. The trial court ruled that the affidavit did not support a search of these premises but held that the search of the garage and the motorcycle was supported by probable

---

informant's past dealing with the police. In support of this contention, defendant relies on the testimony given by the informant at defendant's sentencing hearing. Defendant did not seek to controvert the above statements in his motion to controvert or during the motion to suppress hearing. Nor did he seek to renew or expand his motion to controvert at the sentencing hearing. *See* ORS 133.673. At the hearing the trial court ruled that the motion to controvert had been resolved and that defendant's questions relating to the accuracy of the affidavit would be allowed only to the extent that such questioning related to the appropriate sentence for defendant. Defendant did not assign this ruling as error and the accuracy of the statements now challenged by defendant are not properly in issue before this court. *See* ORS 133.694(2); *State v. Nearing/Baker,* 16 Or App 30, 517 P2d 308 (1973); *see also State v. Wright,* 266 Or 163, 511 P2d 1223 (1973); *State v. Downes,* 19 Or App 401, 528 P2d 110 (1974), Sup Ct *review denied* (1975).

[4] No useful purpose would be served by detailing the allegations of fact set forth in the search warrant affidavit. The affidavit set forth probable cause to believe that narcotics would be found on the person of defendant and concealed in several identified motor vehicles used by defendant. *See State v. Fugate, Peterlla,* 24 Or App 419, 545 P2d 922, Sup Ct *review denied* (1976).

cause and exigent circumstances. We agree with the state that the search was properly upheld.

■■ On the day of defendant's arrest the police learned from their informant that the informant had personally observed defendant enter the garage which was subsequently searched and place heroin in the motorcycle. We find that this information provided the police with probable cause to search the garage for the motorcycle and then search the motorcycle.[5] Notwithstanding the existence of probable cause, the warrantless search would have been an unreasonable governmental intrusion had exigent circumstances not outweighed the need for an independent judicial determination of probable cause. *See State v. Poole,* 11 Or App 55, 500 P2d 726, Sup Ct *review denied* (1972); *State v. Keith,* 2 Or App 133, 465 P2d 724, Sup Ct *review denied* (1970). Once defendant was arrested, his friend, who resided on the searched premises, was alerted to the police action. *See Cardwell v. Lewis,* 417 US 583, 94 S Ct 2464, 41 L Ed 2d 325 (1974). The friend knew that the police intended to search the premises and left before the warrant was served. Under these circumstances and in view of the destructible and evanescent nature of the drugs and the fact that a motorcycle is readily moveable, the police were justified in searching for the drugs. *State v. Keith, supra; see also State v. Miller,* 19 Or App 604, 528 P2d 1082 (1974), Sup Ct *review denied* (1975).

■ Finally, defendant contends that his conviction should be reversed because his transportation by the police from the location of his arrest to the house named in the search warrant, both in northeast Portland, denied him due process of law. The transportation resulted in a delay of an hour and one-half before defendant was brought before a magistrate. The trial

---

[5] The officers were not precluded from acquiring probable cause for the search from circumstances arising independently of the warrant which was subsequently found defective as to the premises upon which the garage was located. *See State v. Lafferty,* 19 Or App 643, 528 P2d 1096 (1974); *State v. Hartman,* 5 Or App 156, 483 P2d 107 (1971).

court found that the defendant's transportation to the house did not constitute an unreasonable delay. The court also found "[t]he transportation was reasonable under these circumstances in that the officers believed that [defendant] had a large amount of money secreted at the 19th Avenue address. [Defendant's] money was returned to him at the time of the search at the 19th Avenue address. * * *" We will not disturb such a finding where, as here, there is ample evidence in the record to support it. *See Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968). The brief delay before taking the defendant before a magistrate did not require the suppression of any evidence introduced at trial nor does it now require reversal of defendant's conviction. *See State v. Sorgenfrei,* 7 Or App 442, 490 P2d 1040 (1971), Sup Ct *review denied* (1972); *State v. Sunderland,* 4 Or App 1, 468 P2d 900, 476 P2d 563, Sup Ct *review denied* (1970).

Defendant's remaining contentions do not warrant discussion.

Affirmed.