Argued October 19, 1978, affirmed February 6, reconsideration denied March 13, Supreme Court review allowed April 24, 1979, 286 Or 149

# STATE OF OREGON, *Respondent,*
### *v.*
# TERRY EDWARD MONTIGUE, *Appellant.*
## (No. 78 0544, CA 11143)
### 590 P2d 274

Thomas J. Crabtree, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Catherine Allan, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

TANZER, J.

**TANZER, J.**

Defendant was convicted of illegal possession of dangerous drugs, ORS 167.207. He assigns as error the denial of his motion to suppress evidence seized in a search pursuant to a search warrant and his motion to controvert the underlying affidavit.

■ Defendant argued that suppression was required due to lack of probable cause in that neither the credibility of the informant nor the reliability of his information was established in the affidavit. This argument was rejected in *State v. Poteet,* 9 Or App 231, 235-37, 495 P2d 783, *rev den* (1972), which holds that an informant's reliability is sufficiently established where, as here, he is named and his information comes from personal observation. *See also State v. Bidwell,* 14 Or App 679, 514 P2d 559 (1973) *rev den* (1974); *State v. Poole,* 11 Or App 55, 500 P2d 726 *rev den* (1972).

■■ Defendant's second assignment of error is that the trial court improperly denied his motion to controvert. The motion challenged the truthfulness of the informant's statements. It did not challenge the truthfulness of the affiant's reportage of the information he received. Motions to controvert are governed by ORS 133.693,[1] which provides for controversion only of the

[1] ORS 133.693 provides in pertinent part:

"(1) Subject to the provisions of subsection (2) of this section, in any proceeding on a motion to suppress evidence the moving party shall be entitled to contest, by cross-examination or offering evidence, the good faith, accuracy and truthfulness of the affiant with respect to the evidence presented to establish probable cause for search or seizure.

"(2) If the evidence sought to be suppressed was seized by authority of a search warrant, the moving party shall be allowed to contest the good faith, accuracy and truthfulness of the affiant as to the evidence presented before the issuing authority only upon supplementary motion, supported by affidavit, setting forth substantial basis for questioning such good faith, accuracy and truthfulness.

"(3) In any proceeding under subsection (2) of this section, the moving party shall have the burden of proving by a preponderance of the evidence that the evidence presented before the issuing authority was not offered in good faith, was not accurate and was not truthful.

"\* \* \* \* \*

"(5) The court shall determine whether, under applicable law, any inaccuracy, untruthfulness or lack of good faith requires suppression."

affiant's allegations, not of the underlying information. Subsection (1) provides that the defendant may contest the "good faith, accuracy and truthfulness of the affiant." This means that "the defendant may challenge the good faith but not the objective truth of testimony offered in support of probable cause." Commentary, Oregon Criminal Procedure Code § 168 at 107 (1968). The wording of the other sections differ slightly but the changes are not significant. The reference in subsection (2) to the "the evidence presented to the issuing authority" and the reference in subsection (5) to "any inaccuracy," simply refer back to subsection (1); they do not contradict it. Because the motion did not seek to controvert the affiant's allegations, it was properly denied.

■■ Defendant renewed his motion at trial after the informant testified to different facts than those attributed to him in the affidavit. The difference is scant. The affidavit recounts that the informant observed marijuana and white powder which defendant identified as cocaine in defendant's home; he testified that he observed white powder, pills and marijuana, but he was equivocal about whether he knew the white powder he observed was cocaine or whether defendant so identified it. The affidavit and testimony also differed by four hours as to the time of day of the observation.

Assuming for argument that the motion would have resulted in a finding that the affiant's report was inaccurate in this respect and that certain portions of the allegations of the affidavit must be stricken, that would not automatically require suppression. The test would be whether the court, "relying only on the accurate parts of the affidavit and disregarding the inaccurate parts [could] have independently determined there was probable cause to search." *State v. Johnson,* 26 Or App 185, 189, 552 P2d 554 *rev den* (1976); *State v. Hughes,* 20 Or App 493, 532 P2d 818 (1975); *See also State v. Matsen,* 38 Or App 7, 588

P2d 1284 (1979); *State v. Diaz,* 29 Or App 523, 564 P2d 1066 (1977). Excising the inconsistency regarding cocaine, the affidavit still contains an undisputed and credible allegation of the presence of a quantity of marijuana. This was sufficient to constitute probable cause to justify the search. The renewed motion to controvert was therefore properly denied.

Affirmed.