Argued June 27, reversed and remanded
for trial August 20, 1979, reconsideration denied February 19,
petition for review allowed April 15, 1980

STATE OF OREGON,
*Appellant,*
*v.*
ROBERT WAYNE REITER,
*Respondent.*

(No. 78-2354, CA 12377)

598 P2d 699

Argued and submitted June 27, 1979.

Frederick A. Hugi, Assistant District Attorney, Eugene, argued the cause for appellant. With him on the brief was J. Pat Horton, District Attorney, Eugene.

Robert J. McCrea, Eugene, argued the cause for respondent. On the brief were Paul R. Frisch, and Morrow & McCrea, Eugene.

Before Schwab, Chief Judge, and Tanzer and Roberts, Judges.

PER CURIAM

Reversed and remanded for trial. *State v. Delker,* 26 Or App 497, 552 P2d 1313, *rev den* (1976); *State v. Broderick,* 14 Or App 69, 511 P2d 1281 (1973); *State v. Poteet,* 9 Or App 231, 495 P2d 783, *rev den* (1972).

ROBERTS, J., dissenting opinion.

**ROBERTS, J.,** dissenting.

I dissent because I would affirm based upon the reasoning of the trial court.

The state appeals from the trial court's granting of defendant's motion to suppress evidence seized pursuant to a search warrant. Defendant successfully challenged the sufficiency of the affidavit supporting the warrant. The affidavit was based upon information obtained from an informant whose house had been entered pursuant to a search warrant.[1] Several police officers entered the informant's house in the early hours of the morning, awakening and badly frightening the informant and her children. After the officers had told the informant that she would go to jail and her children be taken from her if she didn't cooperate, she told the officers where they could find cocaine in her house and told them where and from whom she had procured the drug. This information was the basis for the affidavit that supported the search warrant used to enter defendant's house. After a suppression hearing, the trial court granted defendant's motion to suppress by letter opinion.

I agree with the trial court that in the case of the criminally involved informant, simply naming the informant is not enough to presumptively establish the credibility of the informant[2] because the indicia of reliability which attend the statement of a named citizen informant do not apply. Most notably the

---

[1] Evidence obtained pursuant to this warrant was also suppressed at the same suppression hearing because the underlying affidavit was found insufficient for substantially the same reasons as was the affidavit before us. Suppression of the evidence seized pursuant to this first warrant is not challenged as part of this appeal.

[2] In order to determine whether information received from an informant is sufficient to establish probable cause, a two part test must be met: (1) The underlying manner in which the informant received his information must be reliable and (2) the underlying circumstances must be sufficient to establish that the informant is herself reliable or credible. *Aguilar v. Texas,* 378 US 108, 84 S Ct 1509, 12 L Ed 2d 723 (1964); *State v. Poteet,* 9 Or App 231, 495 P2d 783 *rev den* (1972). It is with the second element of this test that we are here concerned.

[391]

safeguard supplied by the fact that the informant can expect to be called as a witness does not apply to the situation where the informant can be expected to plead her Fifth Amendment right to remain silent.

Because the indicia of reliability which attend a named citizen informant do not apply here, the affidavit must be examined for additional evidence of reliability beyond the informant's name. I find no reason to overturn the trial court's finding that the affidavit did not contain sufficient underlying indicia of reliability.

For the above reasons, I respectfully dissent.